Note. The following opinions were not received by the Reporter in time to be inserted in their appropriate places in the volume.

Delivered July Term, 1838.

## John Outcalt and wife v. Nicholas Van Winkle and others.

Under an assignment made by an insolvent debtor, all his estate passes, without reference to the manner in which it was acquired. Whatever rights he may have in the property of his wife, acquired by virtue of his marriage, will pass to the assignee.

It seems that assignments in bankruptcy or by operation of law will not deprive the wife of her right of survivorship, unless some act is done by the assignee reducing her choses in action into possession.

The bill in this cause was filed by John Outcalt and Hannah his wife, on the 13th of May, 1837, to establish the will of Samuel Van Tine, of the township of South Amboy, in the county of Middlesex, the father of Mrs. Outcalt, one of the complainants. The will bears date on the third day of May, 1795, and by it the testator gives to his daughter Hannah, then unmarried, a portion both of his real and personal estate. The

66

bill prays that the will may be established, and the trusts thereof performed and carried into execution under the decree of the court, and that the rights and interests of the complainants under the will may be declared and secured : that an account may be taken, and that the residue and clear surplus may be ascer-tained and secured by and under the direction of the court, for the benefit of the complainants.

The defendants pleaded in bar an assignment made by the said John Outcalt, on the sixth day day of August, 1835, as an insolvent debtor, under the act, entitled, "An act for the relief of persons imprisoned for debt," passed the 18th day of March, 1795.

The cause was submitted without argument, upon the matters contained in the plea.

*W. Halsted,* for complainants.

*Disborough* and *J. W. Scott,* for defendants.

THE CHANCELLOR. The present bill is filed by the com-plainants for the purpose of establishing the will of Samuel Van Tine, the father of Mrs. Outcalt, one of the complainants, and for securing to the complainants their rights under the same. The will bears date the third day of May, 1795, before the mar-riage of the complainants, and all its provisions, which consist of devises of certain portions of land and pecuniary legacies, are made of course to the testator's daughter, and not to her husband. To this bill the defendants have pleaded, that John Outcalt, the complainant, on the 6th of August, 1835, was discharged as an insolvent debtor under the act of this state, entitled, "An act for the relief of persons imprisoned for debt," passed the 18th of March, 1795, and executed an assignment to one Henry H. Schanck of all his estate, according to the provisions of that act, whereby all his right in the matters sought to be recovered in this action passed to his assignee. The case is submitted without argument.

[Outcalt and wife v. Van Winkle et al.]

'The only question made by the plea is, whether the complainants' rights under this will passed by the assignment. If they did, the assignee alone is the proper party to establish and secure those rights. Should the present complainants recover when the right is in the assignee, it could not protect the defendants from a second recovery against them. The validity of the plea is therefore important.

The object of the act under which this assignment is made, is to discharge a debtor from imprisonment upon his transferring for the use of his creditors all his property of every kind and description, real and personal, with certain exceptions which are named in the act. The assignee, as to the property, stands in the place of the assignor. The words in the assignment are, " do freely and absolutely grant and assign unto Henry H. Schanck, all my real and personal estate whatsoever and wheresoever, except the wearing apparel," &c. And the eighth section of the act declares the assignee " to be invested with as ample title to all lands, goods, debts and effects whatsoever so assigned, as the assignor himself or herself had." By the ninth section full power is given to the assignee to dispose of all estates so assigned, to execute deeds for the same, and to recover in his own name every thing belonging to the estate of the debtor; and by the fourteenth section it is provided that no suit in equity shall be commenced by any assignee without the consent of the major part of the creditors in value, at a meeting to be held for that purpose.

From the terms of the assignment and the provisions of the act, it would seem that no language could be more comprehensive. All the estate of the assignor passes by the assignment, without any reference to the manner in which that estate is acquired. Whatever rights, therefore, he may have in the property of his wife acquired by virtue of the marriage, must pass to the assignee. It would present an extraordinary case if an insolvent debtor, after making an assignment, could bring his action and recover for his own benefit a chose in action belonging to his wife, or the possession of lands in which he had a life estate.

[Outcalt and wife v. Van Winkle et al.]

This subject has been frequently considered, and so far as it is necessary to go to settle this cause there can be no difficulty. "A general assignment in bankruptcy or under insolvent laws, passes the wife's property and her choses in action, but subject to her right of survivorship; and if the husband dies before the assignees have reduced the property into possession it will survive to the wife, for the assignees possess the same rights as the husband before the bankruptcy, and none other." *Mitford* v. *Mitford*, 9 *Vesey*, 87; *Jewson* v. *Moulson*, 2 *Atk. Rep.* 420; *Van Epps* v. *Van Deusen*, 4 *Paige*, 64; 2 *Kent's Com.* 137–8.

There does not seem from the cases to have been any difficulty as to the assignment transferring the wife's property, (which is the only matter involved in this cause,) but only how far the assignment would bar the right of the wife by survivorship. That point need not be settled here, though the cases are now pretty well agreed, and it would seem upon good grounds, that assignments in bankruptcy or by the operation of law, will not deprive the wife of her rights of survivorship unless some act is done by the assignee reducing her choses in action into possession.

The plea in this case not having been replied to, is admitted to be true, and is, in my judgment, good. If any claim exists for the matters stated in the bill, the suit must be by the assignee. The complainants' bill must therefore be dismissed, with costs.

Bill dismissed.